**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

RANDY HUNTER,

    Plaintiff,

v.                                                  Case No. 3:25-cv-652-MMH-MCR

LOWE'S HOME CENTERS, LLC,

    Defendant.

_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28

U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On June 11, 2025, Defendant, Lowe's Home Centers, LLC (Lowe's), filed a Notice of Removal (Doc. 1; Notice), asserting that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. See Notice ¶ 7. In the Notice, Lowe's states that it "understands and is informed and believes that Plaintiff[, Randy Hunter,] is a citizen of the State of Louisiana. Id. ¶ 16. But Lowe's alleges no facts to support this assertion. See id. Lowe's also states that it "is a North Carolina-based limited liability company whose lone member, Lowe's Companies, Inc., a North Carolina corporation, is a publicly traded company." Id. ¶ 17. Lowe's goes on to state that its "principal place of business is in Mooresville, North Carolina." Id. According to Lowe's, these facts establish that Lowe's "is a citizen of the State of North Carolina … ." Id.

The information Lowe's provides as to the parties' citizenships is insufficient. As to Hunter's citizenship, Lowe's bald assertion that he is a citizen of Louisiana is entirely unsupported. Notably, when a defendant removes an action from state court to federal court, the defendant "bears the burden of proving that federal jurisdiction exists." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). To establish diversity jurisdiction over a natural person, the party invoking federal jurisdiction must include allegations of the person's citizenship, not where he or she resides. See Taylor v. Appleton, 30

2

F.3d 1365, 1367 (11th Cir. 1994); see also Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1269 (11th Cir. 2013) ("Residence alone is not enough."). Citizenship is based on an individual's domicile, which requires both residence and "an intention to remain there indefinitely … ." See Travaglio, 735 F.3d at 1269 (quoting McCormick v. Aderholt, 293 F.3d 1254, 1257–58 (11th Cir. 2002)); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989).

As to Lowe's citizenship, an unincorporated business association or entity such as an LLC is not a "citizen" under 28 U.S.C. § 1332(a) in its own right. See Xaros v. U.S. Fid. & Guar. Co., 820 F.2d 1176, 1181 (11th Cir. 1987). Instead, "the citizenship of its members [or partners] is determinative of the existence of diversity of citizenship." Id. Therefore, to sufficiently allege the citizenship of this entity, a party must list the citizenships of all members or partners of that entity. See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam); see also Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079, 1089 (11th Cir. 2010); Xaros, 820 F.2d at 1181. To its credit, Lowe's has identified its lone member as a North Carolina corporation. See Notice ¶ 17. But Lowe's has not identified that corporation's citizenship because Lowe's has not alleged the corporation's principal place of business. See Hertz Corp. v. Friend, 559 U.S. 77, 81 (2010). Instead, Lowe's has alleged its own principal place of business—but as an LLC, Lowe's principal place of business is not relevant to determining its citizenship

3

for diversity purposes. In light of the foregoing, the Court will set a deadline for the parties to file their required disclosure statements and will direct the parties to review the foregoing law when completing their disclosures.[1]

The Court also finds that Lowe's allegations as to the amount in controversy are insufficient. In Dart Cherokee Basin Operating Co., the Supreme Court explained that a defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Op. Co. v. Owens, 574 U.S. 81, 89 (2014). If the plaintiff contests the allegation, or the court questions it, a defendant must then present evidence establishing that the amount in controversy requirement is met. Id. (citing 28 U.S.C. § 1446(c)(2)(B)); see also Dudley v. Eli Lilly & Co., 778 F.3d 909, 912 (11th Cir. 2014). Notably, "[a] conclusory allegation in the

---

[1] Carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two Eleventh Circuit decisions issued in 2017. See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1316-1317 (11th Cir. 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1222, 1228 (11th Cir. 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law. No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").

notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." Williams, 269 F.3d at 1319–20. Indeed, the Court may not speculate or guess as to the amount in controversy. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010). Rather, a removing defendant should make "specific factual allegations establishing jurisdiction" and be prepared to "support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." Id. at 754 (emphasis added). In those circumstances, a court is able to determine the amount in controversy without relying on impermissible "conjecture, speculation, or star gazing." Id.[2]

Here, Lowe's fails to present a "plausible allegation" of the amount in controversy. In support of its contention that the amount in controversy exceeds $75,000, Lowe's points to Hunter's allegations in his complaint. See Notice ¶ 11; Complaint and Demand for Jury Trial (Doc. 5; Complaint), filed in state court on April 25, 2025. In particular, Lowe's states that in the Complaint, Hunter

---

[2] The Court notes that Dart, Dudley and Pretka all involved cases removed to federal court under the Class Action Fairness Act of 2005 (CAFA). Because remand orders are not ordinarily reviewable on appeal, except in class action cases, see 28 U.S.C. §§ 1447(d), 1453(c), appellate decisions on removal usually involve cases removed under CAFA. See, e.g., Pretka, 608 F.3d at 752. Nonetheless, with limited exception, "CAFA's removal provision expressly adopts the procedures of the general removal statute, 28 U.S.C. § 1446." Id. at 756, 756 n.11 (citations omitted). Thus, although the cases cited above involved removal under CAFA, they interpret and apply the general removal procedures, and thus, the Court finds the analysis of those cases applicable here. See Bender v. Mazda Motor Corp., 657 F.3d 1200, 1204 n.2 (11th Cir. 2011) (addressing an appeal involving a non-CAFA removal and citing to Pretka as authority regarding removal procedures).

5

alleged that the amount in controversy exceeds $50,001.00. Id. ¶ 11(a); see Complaint ¶ 1. Lowe's also recites Hunter's allegations that, "as a result of this accident, [Hunter] 'suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition.'" See Notice ¶ 11(b) (quoting Complaint ¶ 13). These are merely boilerplate allegations of injury similar to those that appear in almost every personal injury complaint. Hunter's only specific factual allegation in the Complaint that even hints at the nature and extent of his injuries is the allegation that he slipped in a puddle. See Complaint ¶ 7.

According to Lowe's, based on Hunter's allegations in the Complaint, "judicial experience and common-sense lead to a reasonable certainty that the amount in controversy in this case exceeds $75,000." See Notice ¶ 11(e). To the contrary, given this information, the Court can do no more than speculate regarding the nature and severity of Hunter's injuries and whether they support claims for damages in excess of $75,000. Thus, "without facts or specific allegations, the amount in controversy [can] be 'divined [only] by looking at the stars'–only through speculation–and that is impermissible." Pretka, 608 F.3d at 753–54 (second alteration in original) (quoting Lowery v. Ala. Power Co., 483 F.3d 1184, 1209, 1215 (11th Cir. 2007)). In light of the vague allegations of

6

damages in the Complaint, and in the absence of any information in the Notice regarding the severity of Hunter's injuries or the cost of his medical care, the Court is unable to determine whether the amount in controversy requirement is satisfied here. As such, Lowe's has failed to provide the Court with sufficient information to determine whether it has jurisdiction over this action.

In light of the foregoing, the Court will direct the parties to file disclosure statements that state their citizenships in conformity with applicable law and will give Lowe's an opportunity to provide the Court with additional information as to the amount in controversy and this Court's diversity jurisdiction over the instant action.

Accordingly, it is

**ORDERED**:

1. On or before **July 10, 2025**, the parties shall each file the disclosure statement required by Rule 7.1 of the Federal Rules of Civil Procedure and Local Rule 3.03 of the United States District Court, Middle District of Florida. The parties must use the Disclosure Statement Form found on the Court's website [here](here) and complete the Form consistent with the directives of this Order.

2. On or before **July 10, 2025**, Lowe's Home Centers, LLC, shall provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida on this 25th day of June, 2025.

MARCIA MORALES HOWARD
United States District Judge

lc33

Copies to:
Counsel of record

8