UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RANDY HUNTER,

    Plaintiff,

v.                                             Case No. 3:25-cv-652-MMH-MCR

LOWE'S HOME CENTERS, LLC,

    Defendant.
_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. On June 25, 2025, the Court directed the parties to file disclosure statements and directed Defendant, Lowe's Home Centers, LLC (Lowe's) to provide the Court with sufficient information to determine whether it has diversity jurisdiction over this action. See Order (Doc. 8; Jurisdiction Order); see also Defendant's Notice of Removal (Doc. 1; Notice), filed June 11, 2025; 28 U.S.C. § 1332. The parties filed the required disclosure statements and Lowe's filed a Supplemental Notice of Removal in support of jurisdiction. See Plaintiff's Disclosure Statement Under Rule 7.1, Federal Rules of Civil Procedure, and Local Rule 3.03 (Doc. 10; Hunter's Disclosure), filed July 7, 2025; Defendant, Lowe's Home Centers, LLC's Disclosure Statement Under Rule 7.1 and Local Rule 3.03 (Doc. 11; Lowe's Disclosure), filed July 9, 2025; Defendant's Supplemental Notice of

Removal (Doc. 13; Jurisdiction Response), filed July 10, 2025. However, despite the additional information Lowe's provides in the Jurisdiction Response, the Court remains unable to conclude that it has subject matter jurisdiction over this action. This is so because Lowe's again fails to identify <u>facts</u> sufficient to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000.[1] Therefore, this case is due to be remanded to state court.

In the Jurisdiction Order, the Court outlined the procedural background of this case and the law applicable to establishing jurisdiction in diversity removal cases. <u>See</u> Jurisdiction Order at 1–5. As to whether Lowe's had established that the amount in controversy exceeds the jurisdictional threshold, the Court explained:

> The Court also finds that Lowe's allegations as to the amount in controversy are insufficient. In <u>Dart Cherokee Basin Operating Co.</u>, the Supreme Court explained that a defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." <u>Dart Cherokee Basin Op. Co. v. Owens</u>, 574 U.S. 81, 89 (2014). If the plaintiff contests the allegation, or the court questions it, a defendant must then present evidence establishing that the amount in controversy requirement is met. <u>Id.</u> (citing 28 U.S.C. § 1446(c)(2)(B)); <u>see also</u> <u>Dudley v. Eli Lilly & Co.</u>, 778 F.3d 909, 912 (11th Cir. 2014). Notably, "[a] conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." <u>Williams [v. Best Buy, Co., Inc.]</u>, 269 F.3d [1316, ] 1319–20 [(11th Cir. 2001)]. Indeed, the Court may not

---

[1] The parties' disclosure statements do establish that the diversity of citizenship requirement is met. <u>See</u> Hunter's Disclosure; Lowe's Disclosure. As such, this Order focuses only on the amount in controversy requirement.

speculate or guess as to the amount in controversy. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010). Rather, a removing defendant should make "specific factual allegations establishing jurisdiction" and be prepared to "support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." Id. at 754 (emphasis added). In those circumstances, a court is able to determine the amount in controversy without relying on impermissible "conjecture, speculation, or star gazing." Id.

Here, Lowe's fails to present a "plausible allegation" of the amount in controversy. In support of its contention that the amount in controversy exceeds $75,000, Lowe's points to [Plaintiff, Randy] Hunter's allegations in his complaint. See Notice ¶ 11; Complaint and Demand for Jury Trial (Doc. 5; Complaint), filed in state court on April 25, 2025. In particular, Lowe's states that in the Complaint, Hunter alleged that the amount in controversy exceeds $50,001.00. Id. ¶ 11(a); see Complaint ¶ 1. Lowe's also recites Hunter's allegations that, "as a result of this accident, [Hunter] 'suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition.'" See Notice ¶ 11(b) (quoting Complaint ¶ 13). These are merely boilerplate allegations of injury similar to those that appear in almost every personal injury complaint. Hunter's only specific factual allegation in the Complaint that even hints at the nature and extent of his injuries is the allegation that he slipped in a puddle. See Complaint ¶ 7.

According to Lowe's, based on Hunter's allegations in the Complaint, "judicial experience and common-sense lead to a reasonable certainty that the amount in controversy in this case exceeds $75,000." See Notice ¶ 11(e). To the contrary, given this information, the Court can do no more than speculate regarding the nature and severity of Hunter's injuries and whether they support claims for damages in excess of $75,000. Thus, "without facts or specific allegations, the amount in controversy [can] be 'divined [only] by looking at the stars'–only through speculation– and that is impermissible." Pretka, 608 F.3d at 753–54 (second

>   alteration in original) (quoting <u>Lowery v. Ala. Power Co.</u>, 483 F.3d 1184, 1209, 1215 (11th Cir. 2007)). In light of the vague allegations of damages in the Complaint, and in the absence of any information in the Notice regarding the severity of Hunter's injuries or the cost of his medical care, the Court is unable to determine whether the amount in controversy requirement is satisfied here. As such, Lowe's has failed to provide the Court with sufficient information to determine whether it has jurisdiction over this action.

<u>Id.</u> at 3–7 (footnote omitted).

In its Jurisdiction Response, Lowe's again relies on Hunter's allegations in the Complaint. <u>See</u> Jurisdiction Response ¶ 12. As the Court explained in the Jurisdiction Order, however, Hunter's allegations in the Complaint do little to establish that the amount in controversy in this action exceeds $75,000. <u>See</u> Jurisdiction Order at 5–7. Lowe's now adds additional allegations clarifying the extent of Hunter's injuries. <u>See</u> Jurisdiction Response ¶ 12(c)–(f). But the additional allegations likewise fail to establish that the amount in controversy threshold is met. Lowe's alleges that Hunter "allegedly injured his lower back and fractured a rib," that he "has submitted over $24,000.00 in past medical bills," that he "is undergoing radiofrequency ablations and injections," and that he "has been referred to an orthopedic surgeon and neurosurgeon." <u>See</u> Jurisdiction Response ¶ 12(c)–(f). Simply put, $24,000 in known medical bills are insufficient to establish that the amount in controversy exceeds $75,000. Lowe's does not explain, and the Court cannot discern, to what extent an injured back, fractured rib, radiofrequency ablations and injections, and referrals to

specialists contribute to the amount in controversy. Notably, Lowe's does not specify whether these injuries and treatments are already accounted for in the $24,000 figure. See generally Jurisdiction Response. And Lowe's provides few details and no cost estimate for any ongoing medical care. See generally Jurisdiction Response. In light of the foregoing, the Court determines that despite the Court's guidance and despite being given an additional opportunity, Lowe's has failed to satisfactorily establish by a preponderance of the evidence that the amount in controversy in this case exceeds § 1332(a)'s jurisdictional threshold. See Anderson v. Wilco Life Ins. Co., 943 F.3d 917, 925 (2019) ("When the plaintiff contests or the court questions the defendant's allegation [of the amount in controversy], the defendant must prove by a preponderance of the evidence that the amount in controversy is sufficient.").

Accordingly, it is

**ORDERED:**

1. This case is **REMANDED** without prejudice to the Circuit Court of the Fourth Judicial Circuit, in and for Nassau County, Florida.[2]

2. The Clerk of the Court is **DIRECTED** to transmit a certified copy of this Order to the clerk of that court.

---

[2] In state court, Lowe's can engage in discovery pursuant to the relevant Florida Rules of Civil Procedure. If, through such discovery, Lowe's ascertains that the case is one which is or has become removable, Lowe's may consider filing another notice of removal, if timely, pursuant to 28 U.S.C. § 1446.

3. The Clerk of the Court is further **DIRECTED** to terminate any pending motions and deadlines as moot and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on July 17, 2025.

*[Signature]*

MARCIA MORALES HOWARD
United States District Judge

lc33
Copies to:

Counsel of Record

Clerk, Circuit Court, Fourth Judicial Circuit,
in and for Nassau County, Florida